## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**LADONNA SUE CARTER**                                                                            **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO.  4:22-CV-70-JHM**

**SAMUEL J. COX** *et al.*                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action initiated by Plaintiff LaDonna Sue Carter.  Plaintiff filed a motion for leave to proceed *in forma pauperis*.  Upon review, **IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 4) is **GRANTED**.  For the following reasons, this action will be dismissed.

### I.

Plaintiff completed a complaint form for a civil case.  On the form, she indicates that this Court has federal question jurisdiction over this action because she is bringing suit under the Fifth and Sixth Amendments of the United States Constitution.

As Defendants, she names the following – Samuel J. Cox, Trial Division Director; Damon Preston, DPA Public Advocate; James Rhorer, Central Regional Manager; and Bradley Butler, District Court Judge.  Plaintiff does not indicate in which capacity she sues any Defendant.

Plaintiff makes the following allegations against each Defendant *in toto*:

Samuel Cox – He refused to give me adequate defense + violated my constitutional rights.

Damon Preston – It is his job to make sure I get adequate defense.  He refused to do anything.

James Rhorer – He violated my constitutional rights.

Bradley Butler – He violated my constitutional rights as I have the right to have an attorney or go pro se.  He told me I had to keep the public defender.

In the "Relief" section of the complaint form, Plaintiff states, "I am asking for the maximum amount from each defendant as this is still going on."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Judge Butler**

Although it is not clear from the minimal information provided by Plaintiff in the complaint, the Court will assume that Judge Butler is the judge presiding over a state-court criminal action in which Plaintiff is a defendant. The Court will also assume that Plaintiff intended to sue Judge Butler in both his official and individual capacities.

When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

As to any individual-capacity claim against Judge Butler, judges are entitled to absolute judicial immunity on claims for monetary damages against them in their personal capacities. *See Mireles v Waco*, 502 U.S. 9, 9-13 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or

(2) when a judge acts in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12. Plaintiff makes no allegation or argument which indicates either exception applies here.

For these reasons, the Court will dismiss Plaintiff's claims against Judge Butler for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant who is immune from such relief.

### B. Defendant Preston

Again, although it is not clear from the minimal information provided by Plaintiff in the complaint, the Court will assume that Defendant Preston is Plaintiff's public defender in an ongoing state-court criminal action. Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g.*, *Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cty. Pub. Def.*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cty. Ct. of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) (same).

Thus, the Court will dismiss Plaintiff's claims against Defendant Preston for failure to state a claim upon which relief may be granted.

### C. Defendants Cox and Rhorer

Finally, the Court concludes that Plaintiff's claims against Defendants Cox and Rhorer are subject to dismissal for failure to meet the notice-pleading standard of Fed. R. Civ. P. 8(a). This Rule requires that a complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Here, the Court finds that the complaint lacks sufficient factual matter to state a claim against either Defendant Cox or Rhorer. It does not contain allegations pertaining to the material elements of any viable legal theory; rather, it sets forth only legal conclusions devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678. Indeed, the complaint does not even contain sufficient information from which the Court can determine whether these Defendants are state actors for § 1983 purposes.

Thus, the Court will dismiss Plaintiff's claims against Defendants Cox and Rhorer for failure to state a claim upon which may be granted and for failure to comply with the notice-pleading requirements of Fed. R. Civ. P. 8(a).

### IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: July 25, 2022

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.011

6